1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 28 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8
UNITED STATES DISTRICT COURT

9
CENTRAL DISTRICT OF CALIFORNIA

10
WESTERN DIVISION

11

| 12 | STANLEY BARGER, | ) | Case No. CV 14-01104 BRO (AN) |
| 13 | Petitioner, | ) | **ORDER TO SHOW CAUSE RE** |
| 14 | v. | ) | **DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A** |
| 15 | WARDEN, | ) | **PERSON IN STATE CUSTODY AS TIME-BARRED** |
| 16 | Respondent. | ) | |
| 17 | | ) | |
| 18 | | ) | |

19
## I. BACKGROUND

20      Before the Court is a petition for writ of habeas corpus ("Petition") brought by

21 Stanley Barger ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is

22 brought pursuant to 28 U.S.C. § 2254 and raises one claim directed at his sentence,

23 which was imposed in the California Superior Court for Los Angeles County (case no.

24 BA315443). Petitioner was convicted of selling a controlled substance and possessing

25 cocaine base for sale, and was sentenced to thirteen years and eight months in state

26 prison.

27      For the reasons set forth below, Petitioner is ordered to show cause why his

28 Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

**A.    Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.    Statute of Limitations**

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///
///
///

Petitioner's relevant state court records[1] establish the following facts. He was sentenced for the above offenses on July 2, 2007. On December 23, 2008, the California Court of Appeal affirmed the judgment (case no. B200472). The California Supreme Court then denied review of the court of appeal's decision on March 11, 2009 (case no. S169709). Petitioner has not alleged, and it does not appear, that he filed a petition for certiorari with the United States Supreme Court. (*See* United States Supreme Court Docket, available on the Internet at http://www.supremecourt.gov /docket.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on June 9, 2009, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on June 10, 2009, and ended a year later on June 10, 2010. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until February 6, 2014 -- 1,337 days after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative start

---

[1]    The Court takes judicial notice of Internet records relating to this action in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For purposes of the timeliness analysis, and absent any evidence to the contrary,
(continued...)

1  date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is
2  time-barred.

3  **C.    Statutory Tolling**

4         AEDPA includes a statutory tolling provision that suspends the limitations
5  period for the time during which a "properly-filed" application for post-conviction or
6  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v.*
7  *Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th
8  Cir. 2005). Petitioner's state court records establish that he filed one state habeas
9  petition. That petition was filed in the California Court of Appeal on July 13, 2009,
10 and was summarily denied on July 28, 2009 (case no. B217484). (State court records.)
11 Given fifteen days of statutory tolling for the time Petitioner's state habeas petition
12 was pending, AEDPA's limitations deadline was extended from June 10 to June 25,
13 2010. The pending Petition, constructively filed on February 6, 2014, was still
14 untimely by 1,322 days.

15 **D.    Alternative Start of the Statute of Limitations**

16        **1.    State-Created Impediment**

17        In rare instances, AEDPA's one-year limitations period can run from "the date
18 on which the impediment to filing an application created by State action in violation
19 of the Constitution or laws of the United States is removed, if the applicant was
20 prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that
21 the statute of limitations was delayed by a state-created impediment requires
22 establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir.
23 2002). The Petition does not set forth any facts for an alternate start date of the
24 limitations period under this provision.

25 _____

26        [2]/   (...continued)
27 the Court finds Petitioner constructively filed the Petition by delivering it to the prison
   mail system on February 6, 2014, which is the date that was handwritten by a prison
28 official on the back of the envelope containing the Petition.

### 2.     Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### 3.     Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

### E.     Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we do not require [the petitioner] to carry a burden of persuasion at this stage in order to merit further investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply

1  developed, and where it indicates that the [alleged extraordinary circumstance did not]
2  cause the untimely filing of his habeas petition, a district court is not obligated to hold
3  evidentiary hearings to further develop the factual record, notwithstanding a
4  petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);
5  *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the
6  record is sufficient to permit the district court - and us on appeal - to evaluate the
7  strength of the petitioner's [equitable tolling] claim, the district court does not
8  necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant
9  to 9th Cir. R. 36-3).

10      The Petition does not set forth any facts for equitable tolling.

11                                    **ORDER**

12      Based on the foregoing, the Court finds this action is untimely. Accordingly,
13  Petitioner shall have until **March 21, 2014**, to file a written response and show cause
14  why his Petition should not be dismissed with prejudice because it is time-barred. In
15  responding to this Order, Petitioner must show by declaration and any properly
16  authenticated exhibits what, if any, factual or legal basis he has for claiming that the
17  Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of
18  limitations should be tolled, or the start date extended.

19      **Petitioner is warned that if a timely response to this Order is not made,**
20  **Petitioner will waive his right to respond and the Court will, without further**
21  **notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: February 28, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE